**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| In re Application of **MARTIN & HARRIS PRIVATE LIMITED,** | : : : : | Civil Action No. 20-17070 (MCA) (MAH) |
|  | : : | |
| Petitioner. | : : | **OPINION** |
|  | : : | |

## I.    INTRODUCTION

This matter comes before the Court by way of Petitioner Martin & Harris Private

Limited's ("M&H") motion for partial reconsideration pursuant to Local Civil Rule 7.1(i).  Pet.'s

Mot. for Reconsideration, June 29, 2022, D.E. 42.  Respondent Merck & Co., Inc. ("Merck")

partially opposes Petitioner's application, and has cross-moved "for clarification and [an]

extension of time to produce responsive materials."  Resp.'s Cross-Mot., July 21, 2022, D.E. 46;

Resp.'s Br. in Opp'n, July 18, 2022, D.E. 45.  Both parties ask the Court to reconsider or modify

certain aspects of a June 15, 2022 Order that resolved numerous discovery disputes.  *See* Pet.'s

Mot. for Reconsideration, D.E. 42; Resp.'s Br. in Opp'n, D.E. 45; Order, June 15, 2022, D.E. 41.

The Court has reviewed the submissions in support of, and in opposition to, the instant

motions.  The Court has considered the parties' applications without oral argument, pursuant to

Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.  For the reasons set forth below,

M&H's motion for partial reconsideration, D.E. 42, is granted in part and denied in part.

Merck's cross-motion, D.E. 46, is granted in part and denied in part.

## II.     BACKGROUND

The Court assumes the parties' familiarity with the procedural history of this matter, and

recites only the facts relevant to the instant motions.  M&H filed this action on November 24,

2020, requesting to take testimony and obtain documents from Merck pursuant to 28 U.S.C. §

1782.  Pet.'s Ex Parte Appl., Nov. 24, 2020, D.E. 1.  M&H seeks the discovery for use in

litigation before the High Court of Judicature at Bombay in Mumbai, India (the "Foreign

Action").  *Id.* at ¶ 3.  Merck, Organon India Limited ("Organon India"), and Organon

Participations B.V. ("Organon B.V.") are named defendants in the Foreign Action.[1]  *Id.* at ¶ 13.

In that matter, M&H demands damages arising from Organon India's alleged unilateral

termination of an agreement between M&H and Organon India.  *Id.* at ¶¶ 10, 13.  On June 14,

2021, the Undersigned denied Merck's motion to quash a subpoena issued by M&H, and granted

M&H's cross-motion to compel production.  Order, June 14, 2021, D.E. 22.  One month later, on

July 21, 2021, the parties entered into a stipulation for the production of documents and

information.  The parties' stipulation was executed and filed as an Order by the Undersigned on

July 22, 2021.  Order Regarding Production of Documents & Information, July 22, 2021, D.E.

26.

There were no filings or disputes requiring this Court's intervention for the ensuing

approximately eight months.  The Court issued an Order on March 1, 2022 calling for any

objection to closure of this matter.  Order, Mar. 1, 2022, D.E. 27.  The Order noted that "[i]t

appear[ed] that the discovery sought in this application . . . has been provided, and no party . . .

---

[1]  Organon Laboratories and Organon U.K. are predecessors of Organon India.  Declaration of
Lalit Jain in Support of Ex Parte Application, Nov. 24, 2020, D.E. 1-2, at ¶ 6.  Organon India
was incorporated as a subsidiary of Organon U.K. in 1967.  *Id.* ¶ 9.  According to Plaintiff,
Organon India is currently a subsidiary of Organon B.V., a wholly owned subsidiary of Merck.
*Id.* ¶ 19.

asked the Court to take any action on this matter since issuance of the June 14, 2021 Opinion and Order[.]" *Id.* Only after this Order was entered did M&H raise the possibility of additional discovery disputes. *See* Pet.'s Mar. 8, 2022 Letter, entered Apr. 20, 2022, D.E. 34. The Court ordered the parties to meet and confer in Orders issued on March 21, 2022, and April 22, 2022. Order, March 21, 2022, D.E. 31; Order, Apr. 22, 2022, D.E. 37. After the parties met and conferred, they filed, on April 28, 2022, a joint status report that raised numerous discovery disputes. Joint Status Report, Apr. 28, 2022, D.E. 39. On June 15, 2022, the Court entered an Order resolving the parties' disputes. Order, D.E. 41.

M&H timely moved for reconsideration of certain aspects of the Court's June 15, 2022 Order. Pet.'s Mot. for Reconsideration, D.E. 42. M&H asks that the Court reconsider provisions which

> (1) directed Merck to "undertake a search for electronic information including, but not limited to emails, and hard-copy documents using the previously agreed-upon terms and custodians," and serve responsive documents on M&H by July 31, 2022;
>
> (2) required the parties to "notify the Chambers of the Undersigned of the date and time (EST) for any anticipated deposition by filing a letter on the docket on or before August 1, 2022;" and
>
> (3) denied "M&H's request that Merck produce ESI and documents using search terms and custodians identified by M&H on March 18, 2022."

*See id.*; *see also* Pet.'s Br. in Supp., June 29, 2022, D.E. 42-1, at pp. 1-2; Order, D.E. 41, at p. 8. Although filed and argued as a motion for reconsideration, M&H largely requests that the Court amend the schedule set forth in the June 15, 2022 Order. *See* Pet.'s Br. in Supp., D.E. 42-1, at pp. 1-2, 4-5. M&H also contends that the Court "misinterpreted M&H's request with respect to additional custodians and search terms," and erred because M&H merely sought an order directing the parties to meet and confer on the issue. *Id.* at pp. 6-7.

3

Merck partially opposes M&H's motion.  *See* Resp.'s Br. in Opp'n, July 18, 2022, D.E. 45-1, at pp. 6-7, 10.  Merck does not oppose and indeed seconds M&H's request for an extension of the deadlines to identify deponents and conduct depositions.  *Id.* at p. 4.  However, Merck objects to M&H's request for an order directing the parties to meet and confer regarding the additional custodians and search terms.  *Id.* at pp. 3, 7-9.  Merck also moves for clarification of the portion of the June 15, 2022 Order directing it to "undertake a search for electronic information including, but not limited to emails, and hard-copy documents," and an extension of the deadline to complete its supplemental production.  *Id.* at pp. 4, 12; Order, D.E. 41, at p. 8. M&H opposes Merck's request for clarification.  *See* Pet.'s Reply Br., July 25, 2022, D.E. 47, at pp. 6-9.

## III.   DISCUSSION

The Court considers the parties' requests, and the applicable standards, in turn.

### A.  The Parties' Motions for an Extension of Discovery Deadlines

M&H first asks that the Court "reconsider" the June 15, 2022 Order's deadlines for (1) completion of depositions; and (2) the parties to notify the Court of the date and time of any anticipated deposition. Pet.'s Br. in Supp., D.E. 42-1, at pp. 1-2.  The Court considers these requests, in addition to Merck's appeal for additional time to complete its supplemental production, as a request to modify the schedule set forth in the June 15, 2022 Order.  The Court therefore applies Federal Rule of Civil Procedure 16.  Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause [shown] and with the judge's consent."  "[Rule] 16 recognizes that scheduling orders are at the heart of case management; '[i]f they can be disregarded without a specific showing of good cause, their utility will be severely impaired.'"  *Scopia Mortg. Corp. v. Greentree Mortg. Co., L.P.*, 184 F.R.D. 526, 531 (D.N.J.

1998) (second alteration in original) (quoting *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3d Cir. 1986)).  The parties must therefore demonstrate "good cause" to amend the June 15, 2022 Order's schedule.  Fed. R. Civ. P. 16(b)(4).

"One way the moving party can establish good cause is to demonstrate that it cannot reasonably meet the [C]ourt's deadlines despite its diligence." *Baker v. U.S. Marshal Serv.*, Civ. No. 12-0494, 2014 WL 2534927, at *2 (D.N.J. June 5, 2014); *see also Phillips v. Greben*, Civ. No. 04-5590, 2006 WL 3069475, at *6 (D.N.J. Oct. 27, 2006) (identifying other means by which a movant can establish good cause under Rule 16).  In this matter, M&H argues it cannot meet the August 1, 2022 deadline to notify the Undersigned of the date and time of any anticipated deposition.  Pet.'s Br. in Supp., D.E. 42-1, at pp. 3-4; *see* Order, D.E. 41, at p. 8.  M&H represents that it must review Merck's forthcoming production before determining who to depose, and that it does not expect to receive those materials before July 31, 2022.  Pet.'s Br. in Supp., D.E. 42-1, at p. 4.  M&H therefore seeks "an [o]rder directing the parties to notify the Court of the date and time of depositions within thirty (30) days from the date of service of Merck's production." *Id.* at p. 5.  Additionally, M&H asks that the deadline to complete depositions be extended to "sixty (60) days from service of Merck's final supplemental production." *Id.* at p. 6.  Merck, seemingly without opposition, requests that its timeframe to produce responsive materials be extended forty-five days, to September 14, 2022.  Resp.'s Proposed Order, D.E. 45-4, at p. 2; Resp.'s Br. in Opp'n, D.E. 45-1, at p. 10; *see also* Pet.'s Reply Br., July 25, 2022, D.E. 47, at p. 4.  Merck explains that it does not have the ability to comply with the July 31, 2022 deadline set forth in the Court's June 15, 2022 Order.  Resp.'s Br. in Opp'n, D.E. 45-1, at p. 10.  It must "pull hard drives, process significant amounts of electronic

data, run searches across that data for additionally responsive information, and then properly review that data for production and privilege." *Id.*

The Court finds, based on the foregoing, the parties have demonstrated good cause to extend the June 15, 2022 Order's discovery deadlines.  The relevant deadlines are hereby extended as follows:

- Merck shall undertake a search for electronic information including, but not limited to emails, and hard-copy documents using the previously agreed-upon terms and custodians. Merck shall serve responsive documents on M&H on or before **September 14, 2022**.

- The parties shall notify the Chambers of the Undersigned of the date and time (EST) for any anticipated deposition by filing a letter on the docket on or before **October 14, 2022**.

- Any deposition taken pursuant to the Court's June 15, 2022 Order shall be completed by **November 14, 2022**, and may be conducted virtually.

The parties are advised that these deadlines will not be extended for any reason.

**B.  M&H's Motion for Reconsideration**

The Court next addresses M&H's request that the Court reconsider the provision of the June 15, 2022 Order denying "M&H's request that Merck produce ESI and documents using search terms and custodians identified by M&H on March 18, 2022."  Pet.'s Br. in Supp., D.E. 42-1, at p. 6; *see also* Order, D.E. 41, at p. 8.

Motions for reconsideration are governed by Local Civil Rule 7.1(i).  Local Civil Rule 7.1(i) states:

> Unless otherwise provided by statute or rule (such as Fed. R. Civ. P. 50, 52 and 59), a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge.  A brief setting forth concisely the matter or controlling decisions which the party

believes the Judge or Magistrate Judge has overlooked shall be filed
with the Notice of Motion.

"The operative term in Rule 7.1(i) is 'overlooked,'" *Mathieux v. Bally's Atl. City*, Civ. No. 05-3551, 2006 WL 3833590, at *1 (D.N.J. Dec. 29, 2006), because "[a] motion for reconsideration is 'an extremely limited procedural vehicle,'" *Skoorka v. Kean Univ.*, Civ. No. 09-3428, 2014 WL 59744, at *1 (D.N.J. Jan. 6, 2014) (quoting *Tehan v. Disability Mgmt. Servs., Inc.*, 111 F. Supp. 2d 542, 549 (D.N.J. 2000)). The Third Circuit has explained that "[t]he purpose of a motion for reconsideration is 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). The moving party accordingly bears the burden of demonstrating "facts or controlling legal authority were presented to, but not considered by, the court."[2] *Skoorka*, 2014 WL 59744, at *1 (citation omitted).

"Motions for reconsideration will not be granted where a party simply asks the court to analyze the same facts and cases it had already considered in reaching its original decision." *Tehan*, 111 F. Supp. 2d at 549. Nor will they be granted where "the only apparent purpose for filing the motion is to assert the reasons why the moving party disagrees with the court's

---

[2] M&H's recitation of the applicable standard differs from the Court's. *See* Pet.'s Br. in Supp., D.E. 42-1, at p. 5. M&H cites as a third basis for reconsideration "the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (quoting *In re Vehicle Carrier Services Antitrust Litigation,* Civ. No. 13-3306, 2016 WL 1628879 (D.N.J. Apr. 25, 2016)). However, this ground seemingly applies only to motions for reconsideration of a judgment. *See Max's Seafood Café*, 176 F.3d at 677 (considering third basis in connection with motion to reconsider judgment); *Lazaridis*, 591 F.3d at 669 (same); *c.f. In re Vehicle Carrier*, 2016 WL 1628879, at *2 (applying third ground in connection with motion for reconsideration of dismissal, but stating "[t]he standard for a motion brought under Local Civil Rule 7.1(i) is the same as that for a motion brought under Rule 59(e), which governs motions to alter or amend a judgment"). Nevertheless, application of that standard does not change the Court's ruling on the instant motion. For the reasons set forth in this Opinion, the Court concludes that M&H has not shown that denial of reconsideration would result in a clear error of law or fact, or manifest injustice.

decision." *Id.* "A motion for reconsideration is an extraordinary remedy to be granted 'very

sparingly.'" *In re Lord Abbett Mut. Funds Fee Litig.*, 417 F. Supp. 2d 624, 627 (D.N.J. 2005)

(quoting *Yurecko v. Port Auth. Trans-Hudson Corp.*, 279 F. Supp 2d 606, 608 (D.N.J. 2003)).

The decision to grant or deny such a motion rests firmly within the Court's discretion. *Iacono v.*

*Mauger*, Civ. No. 08-1197, 2008 WL 2945973, at *1 (D.N.J. July 29, 2008).

M&H contends that the Court "misinterpreted" and "overlooked" its request for an order

directing Merck to meet and confer regarding the additional custodians and search terms.  Pet.'s

Br. in Supp., D.E. 42-1, at p. 6; Pet.'s Reply Br., D.E. 47, at p. 2.  M&H also argues that denial

of its request for an order compelling Merck to meet and confer "could cause manifest injustice

by depriving Petitioners of crucial discovery."  Pet.'s Br. in Supp., D.E. 42-1, at p. 7; *see also*

Pet.'s Reply Br., D.E. 47, at p. 5 (stating "absent reconsideration, [M&H] will be prejudiced").

Merck responds that M&H "has not identified (nor will it be able to identify) a clear error the

Court made in deciding to rule on the Parties' discovery dispute as laid out in the Parties' Joint

Report."[3]  Resp.'s Br. in Opp'n, D.E. 45-1, at p. 8.

M&H falls far short of demonstrating a sufficient basis for reconsideration.  M&H

utilizes its motion for reconsideration as a vehicle to raise its discontent with the June 15, 2022

---

[3] Although it does not directly bear on the instant motion, it is worth noting that the parties have
seized M&H's motion for reconsideration as an improper opportunity to lob mutual
recriminations of failing to meet and confer, and to rehash prior argument.  *See Yurecko*, 279 F.
Supp. 2d at 609 (stating, on a motion for reconsideration, "[m]atters may not be introduced for
the first time" and "parties should not restate arguments").  Merck asserts, for example, that it
previously attempted to meet and confer with M&H on this issue, and "it was M&H counsel that
did not take Merck up on its offer."  Resp.'s Br. in Opp'n, D.E. 45-1, at p. 8.  Merck raised this
argument in the parties' joint status report, and it was addressed in the Court's June 15, 2022
Order.  Joint Status Report, D.E. 39, at pp. 3-4; Order, D.E. 41, at pp. 5-6.  M&H, for the first
time in reply on a motion for reconsideration, contends Merck's recollection is inaccurate, and
without support.  Pet.'s Reply, D.E. 47, at pp. 5-6, p. 6 n.5.

Order, and includes argument not previously raised with the Court.  *Compare* Pet.'s Br. in Supp., D.E. 42-1, at p. 7 (arguing "[t]he list of custodians was merely a starting point" to "bring Merck to the table . . . and ultimately search the documents of, key players") *and* Pet.'s Reply Br., D.E. 47, at p. 2 (using similar language) *with* Exhibit B to Joint Status Report, Mar. 18, 2022, D.E. 39-1, at pp. 8-9 (identifying proposed custodians and search terms for purpose of rectifying "gaps" in Merck's discovery production).  The Court did not overlook M&H's request for further meet-and-confers between the parties.  To the contrary, the Court's June 15, 2022 ruling addressed disputes that persisted despite two Orders of this Court for the parties to meet and confer.  Order, March 21, 2022, D.E. 31; Order, Apr. 22, 2022, D.E. 37.  M&H did not establish in the April 28, 2022 joint status report, nor did the Court itself identify, any basis to conclude that further meet and confers between the parties would have been productive.  And by that point, this matter, which at bottom is an application for discovery under § 1782, had already been pending for approximately a year and a half.  Following the March 21 and April 22, 2022 Orders directing the parties to meet and confer, the parties filed, and the Court considered, the remaining disputes, and ruled accordingly.  *See* Order, D.E. 37; Order, D.E. 41.  M&H has not pointed to any facts or controlling legal authority overlooked in the Court's decision-making.  M&H's contention that the Court erred in not ordering yet another meet and confer because "[t]he list of custodians was merely a starting point" to "bring Merck to the table . . . and ultimately search the documents of, key players" is meritless.  Pet.'s Br. in Supp., D.E. 42-1, at p. 7.  The parties had ample opportunity during the meet and confers that this Court ordered in March and April 2022 to negotiate the list of custodians and search terms.  Further, M&H had ample opportunity to fully present any remaining dispute or deficiency to the Court in the April 28, 2022 joint status report. The Court considered each of M&H's arguments set forth in the April 28, 2022 joint submission,

9

as well as the parties' exhibits, and ruled accordingly.  M&H has failed to point to any fact or

controlling precedent that the June 15, 2022 Order overlooked.

The Court also rejects M&H's attempts to analogize this matter to *Tucker v. I'Jama*, Civ.

No. 04-0277, 2008 WL 170032 (D.N.J. Jan. 16, 2008).  In *Tucker*, the plaintiff's motion for

reconsideration was granted because "the [district c]ourt misinterpreted his motions."  *Id.* at *2.

The plaintiff had requested an order directing the staff of Greystone Park Psychiatric Hospital –

the facility in which he was involuntarily committed – "to make copies of all of his future

submissions to the [c]ourt."  *Id.* at *1, *3.  The district judge mistakenly construed the

application as one seeking the production of documents and, as a result, utilized an incorrect

legal standard.  *See id.* at *3-4.  Here, the Court made no such error.  The Court applied the

governing law in considering the parties' dispute, and M&H's request was appropriately denied.

*See* Order, D.E. 41, at pp. 5-7.  *Tucker* does not assist M&H.

In sum, M&H has not established that reconsideration is warranted.  The Court therefore

denies M&H's motion for partial reconsideration of the Court's June 15, 2022 Order.

### C.  Merck's Cross-Motion for Clarification

The Court next addresses Merck's cross-motion for clarification.  Merck asks the Court

to clarify the scope of Merck's supplemental search and production obligation under the June 15,

2022 Order.  *See* Resp.'s Br. in Opp'n, D.E. 45-1, at p. 4.  Merck states that "[t]o require a paper

collection would result in substantial additional burdens in searching, collecting, and reviewing

documents and would delay Merck's supplemental productions."  *Id.* at p. 12.  However, Merck

did not raise the burden or expense of producing hard-copy documents in opposing M&H's

request for these materials.  *See* Order, D.E. 41, at p. 4; Joint Status Report, D.E. 39, at p. 7

(stating Merck opposed because parties "agreed that the searches for responsive documents

would be limited to email files"). Nor did Merck move for reconsideration or appeal from the Undersigned's decision before the June 29, 2022 deadline to do so. *See* L. Civ. R. 7.1(i) (providing deadline for motions for reconsideration); L. Civ. R. 72.1(c)(1) (setting deadline for appeals from magistrate's determination of non-dispositive matter). Accordingly, Merck's application for clarification is untimely. *See Antoine v. Rucker*, Civ. No. 03-3738, 2007 WL 789068, at *2 (D.N.J. Mar. 12, 2007) (noting "a motion for clarification is subject to the same time restrictions as a motion for reconsideration"). The Court nevertheless exercises its discretion and entertains the instant motion.

"The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend." *Lynch v. Tropicana Prods., Inc.*, Civ. No. 11-7382, 2013 WL 4804528, at *1 (D.N.J. Sept. 9, 2013) (citation omitted). The Court finds that Merck's request does not meet this standard; indeed, Merck's application may be more accurately characterized as an untimely motion for reconsideration. *See, e.g.*, *Ebert v. Twp. of Hamilton*, Civ. No. 15-7331, 2019 WL 5782872, at *2 (D.N.J. Nov. 6, 2019) (denying clarification where movants sought modification of court's rulings). Viewed as such, Merck's instant motion must fail because it does not establish that the Court overlooked any argument or governing legal authority that Merck raised. Moreover, the Court's June 15, 2022 Order is clear, and there is no ambiguity in Merck's responsibilities. For these reasons, Merck's cross-motion for clarification is denied. But for the benefit of the parties in efficiently resolving this action, the Court reiterates that the June 15, 2022 Order obligates Merck to undertake a search for (1) electronic information including, but not limited to emails, and (2) hard-copy documents using the previously agreed-upon terms and custodians. Merck must then serve responsive documents on

M&H.  *See* Order, D.E. 41, at p. 8.  The deadline for Merck to comply with this obligation, by virtue of this Opinion and accompanying Order, has been extended to September 14, 2022.

## IV.    CONCLUSION

For the foregoing reasons, M&H's motion for partial reconsideration of the Court's June 15, 2022 Order, D.E. 42, is **granted in part and denied in part**.  Merck's cross-motion for clarification and extension of the deadline to produce responsive materials under the June 15, 2022 Order, D.E. 46, is **granted in part and denied in part**.  An appropriate Order accompanies this Opinion.

*/s Michael A. Hammer*
**Hon. Michael A. Hammer,**
**United States Magistrate Judge**


**Dated:  August 2, 2022**